DIANA CLINE EBRON, ESQ.
Nevada Bar No. 10580
E-mail: diana@kgelegal.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@kgelegal.com
KAREN L. HANKS, ESQ.
Nevada Bar No. 9578
E-mail: karen@kgelegal.com
KIM GILBERT EBRON
7625 Dean Martin Drive, Suite 110
Las Vegas, NV 89139
Telephone: (702) 485-3300
Facsimile: (702) 485-3301
*Attorneys for SFR Investments Pool 1, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION, a national banking association,<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; and SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION, a Nevada non-profit corporation,<br><br>Defendants. | Case No. 2:15-cv-01324-KJD-PAL<br><br>**SFR INVESTMENTS POOL 1, LLC'S REPLY IN SUPPORT OF MOTION TO CERTIFY QUESTION OF LAW [ECF NO. 58]** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Counterclaimant,<br><br>vs.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION, a national banking association,<br><br>Counter-Defendant. | |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>Cross-Claimant,<br><br>vs. | |

- 1 -

1  ELIAT BENARON, an individual,
2          Cross-Defendant.

### MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION

SFR's Motion to Certify argued that this Court should certify a question to Nevada's Supreme Court because: (i) the answer to SFR's question may be determinative of part of this case, (ii) *Bourne Valley* acted as though there is no controlling Nevada precedent, and (iii) the certified question's answer will settle important questions of law. The Bank does not dispute these assertions, and therefore, concedes them.

The Bank claims that SFR is attempting to re-litigate *Bourne Valley*. To be clear, <u>this motion does not ask this court to certify the constitutionality of the statute</u>. Instead, SFR requests that this Court take the opportunity not afforded the *Bourne Valley* court—where the issue of facial unconstitutionality was raised for the first time on appeal—to clarify the Nevada Supreme Court's interpretation of NRS 116.31168. Moreover, SFR was not a party to *Bourne Valley*.

Whether or not the Ninth Circuit has already determined the issue of whether NRS 116.31168(1) incorporates the requirements of NRS 107.090 is irrelevant. Under its own precedent, the Ninth Circuit must "follow intervening decisions of the [Nevada] Supreme Court that interpret state law in a way that contradicts our earlier interpretation of that law." *Bonilla v. Adams*, 423 F. App'x 738, 740 (9th Cir. 2011). Thus, if the Nevada Supreme Court determines that the provisions of NRS 107.090 are fully incorporated into NRS 116.31168, this Court and this circuit must follow that interpretation, even if it contradicts *Bourne Valley*'s determination.

The Bank does not dispute that the Nevada's Supreme Court has the final say over NRS 116.31168(1)'s meaning.[1] Essentially, NRS 116.31168(1)'s meaning is an issue of state law that

---

[1] *Cal. Teachers Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1146 (9th Cir. 2001) ("It is solely within the province of the state courts to authoritatively construe state legislation."). If Nevada's Supreme Court rejects *Bourne Valley*'s construction of 116.31168(1), then the Ninth Circuit must follow Nevada's highest court; *Bourne Valley* would not be binding. *United States v. Swisher*, 771 F.3d 514, 524 (9th Cir. 2014); *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1106 n.6 (9th Cir. 2007); *Rotec Indus., Inc. v. Mitsubishi Corp.*, 348 F.3d 1116, 1122 n.3 (9th Cir. 2003); *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 903 (9th Cir. 2000); *Owen*, 713 F.2d at 1464. To put it even more bluntly, "<u>*a state supreme court can overrule us on a question of state law*</u>," *Henderson v. Pfizer,*

KIM GILBERT EBRON
7625 DEAN MARTIN DRIVE, SUITE 110
LAS VEGAS, NEVADA 89139
(702) 485-3300 FAX (702) 485-3301

Nevada's Supreme Court "can overrule" *Bourne Valley* on. *Henderson v. Pfizer, Inc.*, 285 F. App'x 370, 373 (9th Cir. 2008). As a result, this Court should certify SFR's question because it is a "question[] of law of this state which may be determinative of" part of this case. NRAP 5(a); *Volvo Cars of N. Am., Inc. v. Ricci*, 137 P.3d 1161, 1164 (Nev. 2006).

## II. LEGAL ARGUMENT

### A. The Bank Made Several Concessions that Support Certification

If arguments in a motion are not contested, then they are conceded. Nev. LR 7-2(d); *United States v. Castillo-Marin*, 684 F.3d 914, 922 (9th Cir. 2012) ("The government, again, did not contest this argument and, thus, apparently concedes it."); *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (argument not addressed in answering brief waived); *Nelson v. Pengilly*, No. 2:15–cv–01307–JAD–PAL, 2016 WL 6106721, at *2 n.14 (D. Nev. Oct. 18, 2016) (holding that the failure to respond to an argument concedes it).

Here, SFR argued that **certification is appropriate because: (i) the answer to SFR's question may be determinative of part of this case, (ii) *Bourne Valley* acted as though there is no controlling Nevada precedent, and (iii) the certified question's answer will settle important questions of law. The Bank did not contest any of these arguments.** As a result, the Bank conceded the validity of these arguments, reason enough to grant SFR's Motion. *Castillo-Marin*, 684 F.3d at 922; *Clem*, 566 F.3d at 1182; *Nelson*, 2016 WL 6106721, at *2 n.17. These concessions support certification.

### B. The Bank's Arguments Rely on Inapposite Cases

The Bank accuses SFR of using the certification process as a chance to re-litigate *Bourne Valley* and that SFR sought certification only after the *Bourne Valley* decision. ECF No. 62, 6:24. To the contrary, SFR was not a party to the *Bourne Valley* decision and has argued consistently to uphold the *SFR* decision in its own cases. Certification became an issue in this matter only because the Bank seeks to use *Bourne Valley* offensively as an end-run around *SFR*. As the Nevada Supreme Court has the final word on the construction of state law, it is the Bank, not SFR that

---

*Inc.*, 285 F. App'x 370, 373 (9th Cir. 2008) (emphasis added).

- 3 -

seeks to get around precedent.

To support its end-run theory, the Bank relies on a series of inapposite cases. Two of these cases, for example, determined the issue had been decided previously by the high courts of Nevada and California, respectively, and followed their precedent. *Clark Cty. Sch. Dist. v. Travelers Cas. & Sur. Co. of Am.*, No. 2:13-cv-1100-JCM-PAL, 2015 WL 1578163, at *3. (D. Nev. Apr. 8, 2015); *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1108 (9th Cir. 2013). By contrast, *Bourne Valley* did not even acknowledge *SFR*'s analysis either of due process or the incorporation of NRS 107.090 and its effect on the noticing provisions. In another case cited by the Bank, the court saw there was no binding precedent and the question was not significant to state public policy. *Carolina Cas. Ins. Co. v. McGhan*, 572 F.Supp.2d 1222, 1225 (D. Nev. 2008). The test in *McGhan*, however, would appear to support certification in this matter because it is a significant question of state public policy, has broad application and strengthens federalism. *Id*. at 1226. Another case cited by the Bank, *Gonzales*, did not involve a certified question but acknowledged the role of a state supreme court in construing statutes. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 654 (9th Cir. 2016).

The Bank takes particular issue with the timing of the certification, stating SFR should have challenged sooner. For this argument, the Bank relies on *Thompson* and *Perkins*, cases in which the losing party, not a third party, sought certification after an adverse decision. *Thompson v. Paul*, 547 F.3d 1055, 1057 (9th Cir. 2008); *Perkins v. Clark Equip. Co., Melrose Div.*, 823 F.2d 207, 210 (8th Cir. 1987). There are a couple problems with this argument.

First, as the *Bourne Valley* court remarked in a footnote, the facial unconstitutionality issue was not raised until appeal, and therefore could not have been challenged sooner by Bourne Valley. *Bourne Valley*, 832 F.3d at 1157 n.3. SFR was also not a party to the decision, distinguishing it from the parties in the cases cited by the Bank. Instead, it is the Bank who seeks a "second chance" by asking federal courts to ignore the Nevada Supreme Court and using preclusion offensively to avoid having to follow an adverse ruling on an issue of state statutory construction.

The Bank misconstrues the authorities it cites. ECF No. 62, 4:16-17. None supports the proposition that a federal court must follow federal precedent on state law issues. *Lakeside*, for

- 4 -

example, hinged on a compact between states. *Lakeside Cmty. Hosp. v. Tahoe Reg'l Planning Agency*, 461 F. Supp. 1150, 1155 (D. Nev. 1978). Thus, the issue was necessarily federal law, distinguishing it from the present matter. *Mohamed* followed *Miller v. Gammie* in explaining "Binding authority must be followed unless and until overruled by a body competent to do so." *Mohamed v. Uber Techs., Inc.*, 836 F.3d 1102, 1111 (9th Cir. 2016); *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003). *Gammie*, in turn, determined a decision of a state supreme court may overrule prior circuit precedent. *Id*. Thus, both cases support SFR's position, not the Bank's. In *Paskenta*, the District Court sought to apply California case law, but the California courts were split on the issue. *Paskenta Band of Nomlaki Indians v. Crosby*, 122 F. Supp. 3d 982, 992-93 (E.D. Cal. 2015). The decision did not state that federal courts may ignore decisions of the state's highest court resolving such a state law issue. *Oregon Natural Desert*, which regarded the interpretation of a federal statute, determined that a subsequent U.S. Supreme Court case was not inconsistent with a prior ruling by the Ninth Circuit, distinguishing the case from the present matter in two ways: It did not regard the authority of a state supreme court on state law and did not involve a contradictory intervening decision. *Oregon Natural Desert Ass'n v. U.S. Forest Service*, 550 F.3d 778 (9th Cir. 2008).

The propositions of those cases notwithstanding, none addresses the crux of this matter: Again, a federal court, including the Ninth Circuit itself, must follow *intervening* decisions from the Nevada Supreme Court on state law, even if they contradict prior decisions of the Ninth Circuit. *Bonilla*, 423 F. App'x at 740.

### C. *Bourne Valley*'s Ruling does not Preclude Certification

The Bank claims that certification is inappropriate because the Ninth Circuit already decided the issue and the decision is binding. This argument is meritless for the reasons stated above. In fact, the Nevada Supreme Court has the final say on statutory construction and can even overrule federal courts on contrary interpretations. *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1106 n.6 (9th Cir. 2007) (deferring to California Supreme Court interpretation in reversing a federal district court); *Rotec Indus., Inc. v. Mitsubishi Corp.*, 348 F.3d 1116, 1122 n.3 (9th Cir. 2003) (stating "we may overrule prior circuit authority without taking the

- 5 -

1  case en banc when an intervening Supreme Court decision undermines an existing precedent of
2  the Ninth Circuit, and both cases are closely on point"). The case further cites *Miller*, 335 F.3d at
3  899, before concluding "This is such a case." *Id*. Given the numerous disputes within Nevada
4  courts to be resolved by this question, this is such a case as well.

5  That *Bourne Valley* decided the question is beside the point. Statutory construction is the
6  role of a state's highest court and the considerations embedded in the cases cited by the Bank
7  establish that certification is appropriate in the present matter. *See, e.g., McGhan*, 572 F.Supp.2d
8  at 1225-26. Further, the Bank's claim that *Bourne Valley* ruled the incorporation of NRS 107.090
9  did not require notice is wrong. ECF No. 62, 6:1-4. *Bourne Valley* did not state NRS 107.090 was
10 incorporated into the NRS 116 noticing provisions. The court, in fact, said it disagreed that
11 "107.090 should be read in the Statute …" *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*,
12 832, F.3d 1154, 1159 (9th Cir. 2016). That determination conflicts with Nevada case law. *See SFR*
13 *Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 411 (Nev. 2014) (holding that because
14 NRS 107.090 applies, an association must provide notice to "[e]ach other person with an interest
15 whose interest or claimed interest is subordinate to the (lien)"). Even the dissent in *SFR* disagrees
16 with *Bourne Valley* on that point. *SFR*, 334 P.3d at 422 (stating NRS 116 "appears to mandate that
17 the association mail the notice of default and notice of sale to the first security holders …").

18 Certification would serve to harmonize state and federal court decisions. That there are
19 state cases pending before the Nevada Supreme Court does not by itself resolve the disparate
20 outcomes between the systems. The question proposed by SFR will. Issuing a clear statement of
21 controlling precedent in this matter is hardly a burden upon the Nevada Supreme Court. To the
22 contrary, certification will allow for consistency in rulings across federal and state courts and
23 potentially reduce reconsiderations at a later time.

24 ///

25

26 ///

27

28 ///

### III. CONCLUSION

For the foregoing reasons, and those articulated in SFR's Motion, this Court should grant SFR's Motion to Certify a Question of Law to Nevada's Supreme Court.

DATED this 19th day of January, 2017.

**KIM GILBERT EBRON**

*/s/ Diana Cline Ebron*
DIANA CLINE EBRON, ESQ.
Nevada Bar No. 10580
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
KAREN L. HANKS, ESQ.
Nevada Bar No. 9578
7625 Dean Martin Drive, Suite 110
Las Vegas, NV 89139
*Attorneys for SFR Investments Pool 1, LLC*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of January 2017, pursuant to FRCP 5, I served, via the CMECF electronic filing system, the foregoing **SFR INVESTMENTS POOL 1, LLC'S REPLY IN SUPPORT OF MOTION TO CERTIFY QUESTION OF LAW TO NEVADA'S SUPREME COURT [ECF NO. 58]** to the following parties listed below:

Abran E. Vigil, Esq.
Joseph P. Sakai, Esq.
Ballard Spahr LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada  89106-4617
E-Mail: vigila@ballardspahr.com
            sakaij@ballardspahr.com
*Attorney for Plaintiff/Counter-Defendant,*
*Capital One, National Association*

Matthew David Lamb, Esq.
Ballard Spahr LLP
1909 K Street, NW, 12th Floor
Washington, DC  20006-1152
E-Mail: lambm@ballardspahr.com
*Attorney for Plaintiff/Counter-Defendant,*
*Capital One, National Association*

Seetal N. Tejura, Esq.
Alverson Taylor Mortensen & Sanders
7401 West Charleston Boulevard
Las Vegas, Nevada  89117-1401
E-Mail: efile@alversontaylor.com
*Attorney for Defendant,*
*Southern Highlands Community Association*

Steven T. Loizzi, Jr., Esq.
Alessi & Koenig, LLC
9500 West Flamingo Road, Suite 205
Las Vegas, Nevada  89147-5721
E-Mail: steve@alessikoenig.com
*Attorney for Respondent,*
*Alessi & Koenig, LLC*

John T. Keating, Esq.
Keating Law Group PC
9130 West Russell Road, Suite 200
Las Vegas, Nevada  89148-1358
E-Mail: mhansen@keatinglg.com
*Attorney for Material Witness,*
*Michael L. Brunson*

I hereby further certify that on the __19th__ day of January, 2017, pursuant to FRCP 5(b)(2)(C), I caused service of a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO CERTIFY A QUESTION OF LAW TO NEVADA'S SUPREME COURT [ECF NO. 58]** to be made via U.S. Mail, postage prepaid, upon the following party listed below:

Eliat Benaron
9363 Monte Mar Drive
Los Angeles, California 90035-4132
*Cross-Defendant, In Pro Per*

/s/ *Nicholas R Haley*
An employee of Kim Gilbert Ebron

**KIM GILBERT EBRON**
7625 DEAN MARTIN DRIVE, SUITE 110
LAS VEGAS, NEVADA 89139
(702) 485-3300 FAX (702) 485-3301