Abran E. Vigil
Nevada Bar No. 7548
Matthew D. Lamb
Nevada Bar No. 12991
Joseph P. Sakai
Nevada Bar No. 13578
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
vigila@ballardspahr.com
lambm@ballardspahr.com
sakaij@ballardspahr.com

*Attorneys for Plaintiff/Counter-Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION, a national banking association,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION, a Nevada non-profit corporation,<br><br>　　　　Defendants. | Case No. 2:15-cv-01324-KJD-PAL<br><br>**JOINT MOTION TO STAY LITIGATION** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,<br><br>　　　　Counterclaimant/Cross-Claimant,<br><br>vs.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION, a national banking association; and EILAT BENARON, an individual,<br><br>　　　　Counter-Defendants/Cross-Defendants. | |

DMWEST #15353945 v2

Plaintiff Capital One, National Association ("Capital One"), defendant SFR Investments Pool 1, LLC ("SFR"), and defendant Southern Highlands Community Association ("Southern Highlands," and together with Capital One and SFR, the "Moving Parties") hereby move to stay litigation in this case. In support of this joint motion, the Moving Parties state as follows:

1. This is a quiet title action arising from an HOA foreclosure sale (the "Sale") of a residential property located at 5004 Benezette Court, Las Vegas, Nevada 89141 (the "Property").

2. Nominal defendant Southern Highlands conducted the Sale and defendant SFR submitted the highest bid at the Sale.

3. Plaintiff Capital One argues, among other things, that the notice provisions of NRS Chapter 116 are facially unconstitutional under the Due Process Clause of the Fourteenth Amendment.

4. In Bourne Valley Court Tr. v. Wells Fargo Bank, NA, 832 F.3d 1154 (9th Cir. 2016), the Ninth Circuit Court of Appeals accepted this argument and held that Chapter 116's notice provisions facially violate due process by requiring purported junior lienholders to "opt in" for notice of a sale.

5. In Saticoy Bay LLC v. Wells Fargo Home Mortg., No. 68630, 133 Nev. Adv. Rep. 5 (2017), the Nevada Supreme Court disagreed with Bourne Valley by holding that a foreclosure sale under Chapter 116 does not involve sufficient state action to implicate the Due Process Clause of the Fourteenth Amendment. The Nevada Supreme Court did not address whether the notice provisions of Chapter 116 require purported junior lienholders to opt in for notice.

6. The non-prevailing parties in Bourne Valley and Saticoy Bay have indicated they will petition the United States Supreme Court for certiorari to resolve the split between the Ninth Circuit and Nevada Supreme Court. See Application to Extend the Time to File a Petition for a Writ of Certiorari, Bourne Valley Court Tr. v.

Wells Fargo Bank, NA, No. 16A753 (Jan. 19, 2017); Motion to Stay Remittitur, Saticoy Bay (No. 68630).

7. Capital One further argues that 12 U.S.C. § 4617(j)(3) bars a foreclosure sale under NRS Chapter 116 from extinguishing a deed of trust owned by the Federal Home Loan Mortgage Corporation without the consent of its conservator, the Federal Housing Finance Agency.

8. The Ninth Circuit heard oral arguments on this issue on February 17, 2017 in the cases Elmer v. JP Morgan Chase Bank, N.A., No. 15-17407, and Berezovsky v. Bank of Am., N.A., No. 16-15066.

9. The Nevada Supreme Court has scheduled oral arguments on this issue for March 7, 2017. See Notice of Oral Argument Setting, Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC, No. 69400 (Nev. Jan. 26, 2017).

10. The Moving Parties request a stay of litigation to allow the United States Supreme Court to address the certiorari petitions in Bourne Valley and Saticoy Bay and to allow the Ninth Circuit and Nevada Supreme Court to decide the appeals in Elmer, Berezovsky, and Nationstar.

11. The Moving Parties agree to submit a joint status report to the Court every 90 days after the date of the order granting this joint motion.

12. The Moving Parties further agree that each report will inform the Court of the status of the certiorari petitions in Bourne Valley and Saticoy Bay and of the appeals in Elmer, Berezovsky, and Nationstar.

13. The Moving Parties further agree that each report will inform the Court of whether the Moving Parties wish to keep the stay of litigation in place or lift the stay.

14. The Moving Parties further agree that any party to the case may independently move to lift the stay at any time.

15. The Moving Parties further agree that SFR's motion to certify a question of law (ECF No. 58), SFR's motion for partial summary judgment (ECF No. 59),

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

Capital One's motion for summary judgment (ECF No. 63), and SFR's motion to strike (ECF No. 68) should be withdrawn without prejudice.

Dated: February 24, 2017.

| BALLARD SPAHR LLP | KIM GILBERT EBRON |
|---|---|
| By: /s/ Matthew D. Lamb<br>Abran E. Vigil<br>Nevada Bar No. 7548<br>Matthew D. Lamb<br>Nevada Bar No. 12991<br>Joseph P. Sakai<br>Nevada Bar No. 13578<br>100 North City Pkwy, Suite 1750<br>Las Vegas, Nevada 89106<br><br>ATTORNEYS FOR CAPITAL ONE, NATIONAL ASSOCIATION | By: /s/ Diana Cline Ebron<br>Diana Cline Ebron<br>Nevada Bar No. 10580<br>Jacqueline Gilbert<br>Nevada Bar No. 10593<br>Karen L. Hanks<br>Nevada Bar No. 9578<br>7625 Dean Martin Drive, Suite 110<br>Las Vegas, Nevada 89139<br><br>ATTORNEYS FOR SFR INVESTMENTS POOL 1, LLC |
| ALVERSON TAYLOR MORTENSEN & SANDERS<br><br>By: /s/ David J. Rothenberg<br>Kurt R. Bonds<br>Nevada Bar No. 6228<br>David J. Rothenberg<br>Nevada Bar No. 13576<br>7401 West Charleston Blvd.<br>Las Vegas, Nevada 89117<br><br>ATTORNEYS FOR SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION | |

## ORDER

**FOR GOOD CAUSE APPEARING**, and based upon the foregoing joint motion:

**IT IS HEREBY ORDERED** that litigation in this case is stayed due to the forthcoming petitions for certiorari in the <u>Bourne Valley</u> and <u>Saticoy Bay</u> cases and due to the pending appeals in the <u>Elmer</u>, <u>Berezovsky</u>, and <u>Nationstar</u> cases.

**IT IS HEREBY FURTHER ORDERED** that plaintiff Capital One, defendant SFR, and defendant Southern Highlands shall file a joint status report every 90 days after the date of this order.

DMWEST #15353945 v2

**IT IS HEREBY FURTHER ORDERED** that each report shall inform the Court of the status of the petitions for certiorari in <u>Bourne Valley</u> and <u>Saticoy Bay</u> and of the appeals in <u>Elmer</u>, <u>Berezovsky</u>, and <u>Nationstar</u>.

**IT IS HEREBY FURTHER ORDERED** that each report shall inform the Court of whether Capital One, SFR, and Southern Highlands wish to leave the stay of litigation in place or lift the stay.

**IT IS HEREBY FURTHER ORDERED** that any party to this case may independently move to lift the stay at any time.

**IT IS HEREBY FURTHER ORDERED** that SFR's motion to certify a question of law (ECF No. 58), SFR's motion for partial summary judgment (ECF No. 59), Capital One's motion for summary judgment (ECF No. 63), and SFR's motion to strike (ECF No. 68) are withdrawn without prejudice.

_____
UNITED STATES DISTRICT JUDGE

Dated: March 3, 2017

Respectfully submitted,

BALLARD SPAHR LLP

By: /s/ Matthew D. Lamb
　　Abran E. Vigil
　　Nevada Bar No. 7548
　　Matthew D. Lamb
　　Nevada Bar No. 12991
　　Holly Ann Priest
　　Nevada Bar No. 14051
　　100 North City Parkway, Suite 1750
　　Las Vegas, Nevada 89106

*Attorneys for Plaintiff*

5

DMWEST #15353945 v2