UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION, a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, et al.,<br><br>Defendants. | Case No. 2:15-cv-01324-KJD-PAL<br><br>**ORDER** |

Presently before the Court is Plaintiff's Motion to Lift Stay and Set Schedule for Dispositive Motions (#87). Defendant Southern Highlands Community Association filed a response in opposition (#88) and a Counter-motion to Continue Stay (#92). Defendant SFR Investments Pool 1, LLC also filed a response in opposition (#89) and a Counter-motion to Continue Stay Pending Certified Question (#90) to which Plaintiff replied (#94). Plaintiff also filed a reply in support (#94) of its Motion to Lift Stay. Defendant SFR also filed a Counter-motion to Strike Disclosures (#91). Plaintiff filed a response in opposition (#95) to which Defendant SFR replied (#97).

**I. Background and Analysis**

This case emerges from the non-judicial foreclosure sale on or about August 7, 2014 of the property located at 5004 Benezette Court, Las Vegas, Nevada 89141 ("Property"). This case shares a similar fact pattern with many cases currently pending before this Court, all having to do with HOA foreclosure sales. One of several major issues before the Court center in whole or in part around the question of what notice of default the foreclosing party was required to provide Plaintiff prior to its foreclosure sale on the Property. After the Nevada Supreme Court's decision in SFR Invs. Pool 1, LLC v. U.S. Bank, the Ninth Circuit decided Bourne Valley Court Trust v.

Wells Fargo Bank, NA, 832 F.3d 1154, 1160 (9th Cir. 2016) (holding NRS 115.3116(2)'s statutory notice scheme was facially unconstitutional).

On April 21, 2017, in Bank of New York Mellon v. Star Hills Homeowners Ass'n, this Court certified the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners associations to provide notices of default to banks even when a bank does not request notice?" Bank of New York Mellon v. Star Hill Homeowners Ass'n, 2017 WL 1439671, at *5 (D. Nev. April 21, 2017).

In granting certification, the Court reasoned the following: In Bourne Valley, the Ninth Circuit definitively answered the question that the statute's "opt-in" framework was unconstitutional. Bourne Valley Court Trust v. Wells Fargo Bank, NA, 832 F.3d 1154, 1160 (9th Cir. 2016). However, that left the Court with the unresolved question of what notice must be provided. "It is solely within the province of the state courts to authoritatively construe state legislation." Cal. Teachers Ass'n v. State Bd. of Educ., 271 F.3d 1141, 1146 (9th Cir. 2001). As such, state law questions of first impression like this one should be resolved by the state's highest court. See Huddleston v. Dwyer, 322 U.S. 232, 237 (1944).

On August 2, 2018, the Supreme Court of Nevada answered the certified question. See SFR Invs. Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018). Further, it has since issued two new opinions that bear on the issues in this action. See Wells Fargo Bank, N.A. v. Tim Radecki, 2018 WL 4402403 (Nev. September 13, 2018); Bank of America, N.A. v. SFR Invs. Pool 1, LLC, 2018 WL 4403296 (Nev. September 13, 2018). Also, since the action was stayed, opinions in several cases have directly addressed the Federal Foreclosure Bar issues in this action. See Berezovsky v. Moniz, 869 F.3d 923 (9th Cir. 2017); Elmer v. JPMorgan Chase & Co., 707 Fed. Appx. 426 (9th Cir. 2017); Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC, 396 P.3d 754 (Nev. 2017).

**A. Stay of the Case**

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. Landis v. North Am. Co., 299 U.S., 248, 254-55 (1936); Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 200). The

only objection the parties had to lifting the stay was the pending certified question. A stay is no longer necessary in this action where the certified question has already been decided.

### B. Motion to Strike Disclosures

Defendant SFR has moved to strike disclosures made after discovery was closed in this action. While SFR's motion is technically premature, the Court finds no fault with its timing given the likelihood that the stay would be lifted. However, the Court finds that the disclosures comply with Federal Rule of Procedure 26's requirement that parties supplement their disclosures as necessary. Further, having to litigate the case on the merits is not prejudice. The only prejudice cited by SFR with merit may be that it was unable to conduct additional discovery surrounding the disclosed items. Given the lengthy stay necessitated in this action, the Court is amenable to a short discovery period as necessary to address these concerns. Accordingly, the motion to strike the disclosures is denied.

### C. Briefing Schedule

The parties may either file a stipulation or move the Court for a modified discovery plan and scheduling order as necessary. If the parties fail to do so, dispositive motions are due no later than thirty (30) days after the entry of this order.

## II. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Lift Stay and Set Schedule for Dispositive Motions (#87) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant SFR Investments Pool 1, LLC's Counter-motion to Continue Stay Pending Certified Question (#90) is **DENIED**;

IT IS FURTHER ORDERED that Defendant SFR Investments Pool 1, LLC's Counter-motion to Strike Disclosures (#91) is **DENIED**;

IT IS FURTHER ORDERED Defendant Southern Highlands Community Association's Counter-motion to Continue Stay (#92) is **DENIED.**

Dated this 28th day of September, 2018.

_____
Kent J. Dawson
United States District Judge