UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CAPITAL ONE, NATIONAL ASSOCIATION, a national banking association,

Plaintiff,

v.

SFR INVESTMENTS POOL 1, LLC, et al.,

Defendants.

Case No. 2:15-cv-1324-KJD-PAL

**ORDER**

Before the Court are three motions for summary judgment and one motion to dismiss. Defendant Southern Highlands Community Association ("HOA") has filed a motion for summary judgment (#102) to which plaintiff Capital One responded (#112), and the HOA replied (#115).

Next is a motion for summary judgment filed by Capital One (#104) to which defendant SFR Investments Pool 1, LLC responded (#113), and Capital One replied (#117).

Finally, SFR Investments Pool 1, LLC moved for summary judgment (#105) to which Capital One responded (#114), and SFR replied (#118).

SFR has alternatively moved to dismiss Capital One's complaint under Rule 12(b)(7). (##109/111).[1] Capital One responded (#116), and SFR replied (#119).

This is an action to quiet title following an HOA foreclosure and trustee sale of a home at 5004 Benezette Court in Las Vegas, Nevada. Capital One and SFR both claim a superior interest in the property. Capital One seeks to quiet title on behalf of the Federal Home Loan Mortgage Corporation (Freddie Mac). The bank claims that at the time of the HOA foreclosure it was the

---

[1] SFR's alternative motion to dismiss has been docketed twice, once as a response to the HOA's motion for summary judgment (#109) and once as a stand-alone motion to dismiss (#111).

beneficiary-servicer under an agreement Freddie Mac. SFR Investments Pool 1, LLC also seeks to quiet title. SFR purchased the property at a trustee sale. That purchase, it claims, extinguished Capital One's property interest under NRS § 116, Nevada's non-judicial foreclosure scheme. It disputes that Freddie Mac holds any interest under the deed of trust and that the foreclosure was constitutional and commercially reasonable. Southern Highlands Community Association, the HOA, initiated the non-judicial foreclosure, and its agent facilitated the sale. The HOA does not assert an interest in the property.

Capital One argues that the HOA foreclosure and subsequent sale of the property did not extinguish Freddie Mac's deed of trust because: (1) the Federal Foreclosure Bar of 12 U.S.C. § 4617(j)(3) preempted NRS § 116 and preserved Freddie Mac's interest; (2) the HOA foreclosed under an unconstitutional statute (NRS § 116); and (3) the foreclosure sale was commercially unreasonable. Capital One is correct that Freddie Mac indeed held a property interest at the time the HOA foreclosed and that the Federal Foreclosure Bar protected that interest from extinguishment. As a result, Freddie Mac's deed of trust survived the foreclosure. The Court therefore grants Capital One's motion for summary judgment and finds that SFR's interest in the property is subject to that of Freddie Mac.

## I. Factual and Procedural Background

### A. The Housing and Economic Recovery Act and Federal Foreclosure Bar

Congress passed the Housing and Economic Recovery Act in response to the 2008 recession and its ensuing foreclosure crisis. The purpose of the act was to protect the fragile housing market by addressing the critical undercapitalization of the Federal Home Loan Mortgage Corporation (Freddie Mac) and Federal National Mortgage Association (Fannie Mae). It sought to ensure that the two companies "operated in a safe and sound manner . . . consistent with the public interest." 12 U.S.C. § 4513(a)(1)(B).

To that end, the act created the Federal Housing Finance Agency (FHFA). It vested the FHFA with authority to place both Fannie Mae and Freddie Mac under the Agency's conservatorship, which it did in 2008. As conservator, the FHFA was responsible for supervising and winding up Fannie's and Freddie's affairs. 12 U.S.C. § 4617(a)(2). As conservatees, Freddie

Mac and Fannie Mae assets received certain federal protections, including protection from non-consensual foreclosure. This has come to be known as the "Federal Foreclosure Bar." The bar exempted Fannie and Freddie properties from "levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency." See id. § 4617(j)(3). The FHFA has not consented to these foreclosures and has vowed not to consent in the future. Press Release, Fed. Housing Fin. Agency, Statement on HOA Super-Priority Lien Foreclosures (Apr. 21, 2015), https://www.fhfa.gov/Media/PublicAffairs/Pages/Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx. At bottom, the Federal Foreclosure Bar preserves Freddie Mac's or Fannie Mae's property interests in the face of a non-judicial foreclosure.

### B. The Foreclosure and Sale of 5004 Benezette Court

In August of 2004, Eilat Benaron acquired title to 5004 Benezette Court, a piece of real property in Las Vegas, Nevada. The property was part of the Southern Highlands Community Association and was subject to the association's Covenants, Conditions, and Restrictions (CC&Rs). (#105, Exh. A-1). Two years later, Benaron obtained a $226,300 mortgage on the property. That mortgage was secured by a deed of trust that listed Benaron as the borrower, Chevy Chase Bank as the lender, and Mortgage Electronic Registration Systems (MERS)[2] as nominee for the lender's successors and assigns. (#63, Exh. 1 at 2–3). The deed of trust was recorded on September 22, 2006. Id. at 2. Capital One claims that Freddie Mac purchased the loan and obtained an interest in the property in September of 2007. (#104, Exh. D at 3). It also claims that Freddie Mac has not transferred or otherwise relinquished its ownership in the property. Id. at 6. Capital One serviced the loan on behalf of Freddie Mac from September 27, 2007 until July 16, 2018,[3] when Rushmore Management Services assumed servicing duties on Freddie Mac's behalf. Id. at 4.

---

[2] MERS is an electronic registry system that tracks the beneficial ownership and servicing rights within property-holding portfolios. See About MERSCORP Holdings, Inc., https://www.mersinc.org/about (last visited Mar. 15, 2019). While MERS is the recorded mortgagee of a property it may assign the loan to other servicers without having to re-record the deed each time. In essence, MERS remains the mortgagee giving the loan owners the flexibility to change the servicers in their loan portfolios quickly and efficiently. Id.

[3] Chevy Chase Bank was the initial servicer following Freddie Mac's acquisition of the loan in 2007. Chevy Chase Bank serviced the loan until Capital One acquired Chevy Chase around July of 2009. (#63, Exh. 2 at 4).

1 | At some point, Benaron defaulted on his mortgage payments and HOA assessments. That default prompted a foreclosure action by the HOA. On April 20, 2011, the HOA—through its agent, Alessi and Koenig, LLC—recorded a Notice of Delinquent Assessment. (#105, Exh. A-5). Benaron failed to satisfy the delinquency. Alessi then recorded a Notice of Default and Election to Sell. (#105, Exh. A-6). Benaron again failed to satisfy the delinquency, which led Alessi to record a Notice of Sale and hold a trustee sale. (#105, Exh. A-8). SFR purchased the property at the trustee sale with a winning bid of $8,500. (#105, Exh. A-12). At no point did Capital One make a payment to the HOA to satisfy the delinquency, nor did the bank attend the auction or bid on the property. (#105 at 5).

In July 2015, Capital One sued SFR to quiet title in the property. (#1). It brought two causes of action: quiet title and fraudulent transfer. <u>Id.</u> at 3. Each cause of action sought the same remedy: a declaration that its deed of trust survived the HOA sale and still encumbers the property. If so, SFR's interest in the property would, at minimum, be subject to Freddie Mac's interest. Shortly thereafter, Capital One amended its complaint to include the Southern Highlands HOA. (#6). The bank did not alter its original causes of action or modify its requested relief. SFR answered the complaint and asserted its own quiet title action against Capital One and Benaron. (#14 at 11). Benaron has not filed an answer to SFR's claims or participated in the litigation in any meaningful way, which led the Clerk of the Court to enter default against him. (#106). In early 2017, the parties filed their first motions for summary judgment. (##59, 63). Before the Court could rule on those motions, it stayed the case pending the final determinations of several cases including the appeal of the Ninth Circuit's decision in <u>Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.</u>, 832 F.3d 1154 (9th Cir. 2016) and the Nevada Supreme Court's decision in <u>Saticoy Bay, LLC v. Wells Fargo Home Mortg.</u>, 388 P.3d 970 (Nev. 2017). (#83). The Court lifted the stay in September of 2018 (#101) and gave the parties thirty days to refile their dispositive motions to which the Court now turns.

**II.**     **<u>Legal Standard</u>**

The purpose of summary judgment is to avoid unnecessary trials by disposing of factually unsupported claims or defenses. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323–24 (1986);

Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture, 18 F.3d 1468, 1471 (9th Cir. 1994). It is available only where the absence of material fact allows the Court to rule as a matter of law. Fed. R. Civ. P. 56(a); Celotex, 477 U.S. at 322. Rule 56 outlines a burden shifting approach to summary judgment. First, the moving party must demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to produce specific evidence of a genuine factual dispute for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine issue of fact exists where the evidence could allow "a reasonable jury [to] return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court views the evidence and draws all available inferences in the light most favorable to the nonmoving party. Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1103 (9th Cir. 1986). Yet, to survive summary judgment, the nonmoving party must show more than "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

### III. Analysis

The four pending motions effectively fall into two categories: motions for summary judgment and motions to dismiss. Capital One and SFR both move for summary judgment on their respective quiet-title claims. The HOA's motion for summary judgment is essentially a motion to dismiss for improper joinder, which SFR more or less supports. However, resolving which entity holds superior title in the property will illuminate whether the HOA is a necessary party here. Because both SFR and Capital One claim they hold title free of one another's interest, granting summary judgment in one's favor necessitates denial for the other. Regardless, if the Court quiets title in favor of the bank or SFR, the HOA may no longer be a necessary party. Therefore, the Court will first evaluate the competing claims for quiet title. It will then turn to the HOA's argument for dismissal.

#### A. The Federal Foreclosure Bar of 12 U.S.C. § 4617(j)(3) Preserved Freddie Mac's Interest in the Property Because Freddie Mac Owned an Interest in the Property at Foreclosure, and the FHFA did not Consent

Capital One claims that Freddie Mac's property interest survived the HOA foreclosure for three reasons. First, it argues that the Federal Foreclosure Bar of 12 U.S.C. § 4617(j)(3) preempted NRS § 116's non-judicial foreclosure scheme. Accordingly, the HOA could not

legally foreclose on a Freddie Mac property absent FHFA consent, which it did not give. Alternatively, Capital One argues that even if § 4617(j)(3) did not bar the foreclosure, the Court may still set the foreclosure aside because NRS § 116 is unconstitutional and because the foreclosure sale was commercially unreasonable. The Court agrees that § 4617(j)(3) barred this HOA foreclosure. SFR has not provided evidence that Freddie Mac was not beneficiary under the deed of trust when the HOA foreclosed, nor has it demonstrated that the FHFA consented to that foreclosure. Therefore, the HOA's otherwise valid non-judicial foreclosure and subsequent sale did not extinguish Freddie Mac's deed of trust.

It is now settled law in this Circuit that the Federal Foreclosure Bar of 12 U.S.C. § 4617(j)(3) preempts any state law that would extinguish Freddie Mac's interest in real property unless it consents to the foreclosure. 12 U.S.C. § 4617(j)(3); see also Berezovsky v. Moniz, 869 F.3d 923, 926 (9th Cir. 2017) (the Federal Foreclosure Bar is a "prohibition on nonconsensual foreclosure"); Skylights LLC v. Byron, 112 F.Supp.3d 1145, 1152 (D. Nev. 2015) (the plain language of 12 U.S.C. § 4617(j)(3) bars an HOA foreclosure "regardless of the HOA lien's super-priority under state law"). The Nevada Supreme Court agrees. It has joined the Ninth Circuit and held that the Foreclosure Bar preempts Nevada law. Saticoy Bay, LLC v. Fed. Nat'l Mortg. Ass'n., 417 P.3d 363 (Nev. 2018).

SFR does not dispute that the Federal Foreclosure Bar generally preempts state foreclosure law. Instead, it argues Capital One lacks standing to bring the claim on behalf of Freddie Mac and that the bar does not apply here because Capital One has not demonstrated that Freddie Mac held an interest in the property when the HOA foreclosed. Neither argument is persuasive.

SFR argues that Capital One lacks standing to assert § 4617(j)(3) on behalf of Freddie Mac because Capital One is no longer servicer to the loan. To start, Freddie Mac's servicing agents have standing to invoke § 4617 on Freddie Mac's behalf without joining Freddie Mac as a party. Nationstar Mortg., LLC v. SFR Inv. Pool 1, LLC, 396 P.3d 754, 758 (Nev. 2017). Accordingly, as far as SFR contends that Capital One lacks standing due to Freddie Mac's absence, that argument fails. SFR proceeds to argue that because Capital One no longer services

this loan, it may not continue to assert Freddie Mac's interest. It is true that Capital One does not service this loan. Capital One serviced this loan from September 27, 2007 until July 16, 2018 when it transferred its servicing rights to Rushmore Management Services. (#104, Exh. D at 3–4).

However, Capital One's current servicer responsibilities are irrelevant to the bank's standing so long as there was standing at the time of filing. Where a party transfers its interest during the pendency of the action, the action may continue by or against the original party. Fed. R. Civ. P. 25(c). Of course, either party may move to substitute or join the transferee. Id. But that is not required for the action to continue. On the contrary, the rule is intended to allow the action to continue uninterrupted despite the transfer of interest. In re Bernal, 207 F.3d 595, 598 (9th Cir. 2000). In fact, "the most important feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by . . . the original party, and the judgment will be binding on his successor in interest even though he is not named." 7C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1958 (3d ed. 2018).

Capital One has standing because it was the servicer at the time of the HOA foreclosure and at the time it filed the complaint. Rule 25(c) applies here because Capital One transferred its interest in the property "during the pendency" of this action. The rule did not require the parties to substitute or join Rushmore Management Services to continue. Capital One serviced this loan from September 27, 2007 until July 16, 2018. Both the HOA foreclosure—September 2012—and the filing of this lawsuit—July 2015—fall squarely within Capital One's servicing window. As a result, Capital One had standing to bring this action and to assert § 4617(j)(3) on behalf of Freddie Mac.

Next, SFR takes issue with the evidence Capital One presents to demonstrate Freddie Mac's property interest. It argues that the evidence is inadmissible because it was not properly authenticated, and that the identity of the bank's declarant was not adequately disclosed. That evidence includes a declaration of Dean Meyer, a director in Freddie Mac's loss mitigation department. Meyer's testimony outlines the history of Freddie Mac's involvement with this

property. He states that Freddie Mac purchased this loan in 2007 and has owned it ever since. Accompanying Meyer's declaration are printouts from two of Freddie Mac's electronic databases: the Freddie Mac Loan Status Manager and MIDAS system. These databases store information and track the details of thousands of loans in the Freddie Mac portfolio. Where Capital One has provided printouts from the loan status manager or MIDAS system, Meyer has testified to their authenticity and explained what the printouts demonstrate. The database printouts support Meyer's claims that Freddie Mac purchased this loan in 2007 and owns it to this day.

SFR's arguments that Freddie Mac's evidence is insufficient or improper are the same arguments that the Ninth Circuit encountered in Berezovsky and rejected. Berezovsky v. Moniz, 869 F.3d 923, 932 n.8 (9th Cir. 2017). In Berezovksy, Freddie Mac submitted nearly identical evidence as did Capital One here: printouts from the MIDAS system and loan status tracker and a declaration of a Freddie Mac employee explaining and authenticating those printouts. Id. Berezovsky argued that that evidence was inadmissible because Freddie Mac failed to disclose its witness and the corresponding documentation earlier during discovery and that Freddie Mac's business records were inadmissible. Brief for Appellant at 7–8, Berezovsky v. Moniz, 869 F.3d 923 (9th Cir. 2017) (No. 16-15066). The Court found that argument unavailing. It held that Freddie Mac's evidence was timely filed with its motion for summary judgment and that its printouts were admissible business records. Berezovsky, 869 F.3d at 923 n.8 (citing U-Haul Int'l, Inc. v. Lumberman's Mut. Cas. Co., 576 F.3d 1040, 1043 (9th Cir. 2009). Ultimately, the declaration and business records proved Freddie Mac's interest in the disputed property.

This Court comes to the same conclusion; Dean Meyer's declaration and the Freddie Mac database printouts are timely and admissible. Therefore, Capital One has demonstrated that Freddie Mac owned an interest in this property at the time of the HOA foreclosure.

Finally, SFR attempts to escape the Foreclosure Bar by arguing that Freddie Mac's failure to record its deed of trust erased its property interest. SFR is correct that the deed of trust did not list Capital One or Freddie Mac as beneficiary. Instead, the record beneficiary is MERS. (#63, Exh. 1 at 2–3). SFR is incorrect that Freddie Mac's failure to record as beneficiary under

the deed of trust affected its interest in the property. Both the Ninth Circuit and Nevada Supreme Court have come to the same conclusion. Berezovsky first confronted this issue. Nevada law generally requires recording of a lien before that lien is enforceable. Berezovsky, 869 F.3d at 932 (citing NRS § 106.210). However, the recorded instrument need not list the note owner by name. Id. Often, the recorded note and the deed of trust identify different parties. This "split" between the note owner and the beneficiary under the deed of trust does not void either instrument. It merely creates a question of which entity has authority to foreclose. Id. (citing Edelstein v. Bank of N.Y. Mellon, 286 P.3d 249, 259 (Nev. 2012)). Principles of agency determine which party has the power to foreclose on its interest. See id. at 258–59. A principle-agent relationship arises where the note owner assigns a beneficiary but retains authority to enforce its interest through foreclosure. Berezovsky, 869 F.3d at 932.

Freddie Mac and Capital One shared a principal-agent relationship as owner and servicer according to the "Guide." The Guide's rules and regulations confirm that Freddie Mac retained ownership of any loan under its portfolio and had authority to direct the actions of its beneficiaries and servicers. For instance, Freddie Mac could "require the Seller or the Servicer . . . to make such . . . assignments and recordations of any of the Mortgage documents so as to reflect the interests of Freddie Mac" at any time. Freddie Mac, Single-Family Seller/Servicer Guide § 1301.10 (2019), http://www.freddiemac.com/singlefamily/pdf/guide.pdf ("The Guide"). Also, Freddie Mac could compel its agents to make assignments that Freddie Mac deemed proper. Id. § 6301.6 ("Freddie Mac may, at its sole discretion and at any time, require a Seller/Servicer, at the Seller/Servicer's expense, to prepare, execute and/or record assignments of the Security Interest to Freddie Mac"). Because Capital One was agent to Freddie Mac, Freddie Mac's failure to promptly record its interest did not invalidate its ownership in this property.

Alternatively, SFR asks the Court to abstain or stay this case pending the Nevada Supreme Court's decision in SFR Investments Pool 1, LLC v. Green Tree Servicing, LLC (Perrone), which will determine once and for all whether Nevada law requires the party asserting a property interest to have recorded that interest. No. 72010, 2018 WL 6721370, (Nev. Dec. 17, 2018). On December 17, 2018, the Nevada Supreme Court issued an Order of Affirmance in that

case, mooting SFR's request for a stay. The Nevada Supreme Court agreed with Berezovsky and ultimately held that Freddie Mac's "failure to record its ownership interest has no bearing" on whether it held an interest in the property at the time of the foreclosure. Perrone, 2018 WL 6721370 at *2. Accordingly, Freddie Mac's failure to record its deed of trust did not affect its property interest here, and its request for stay is denied.

Capital One has demonstrated that Freddie Mac owned an interest in this property since 2007. It owned an interest when the HOA began the foreclosure process and when the HOA trustee eventually sold the home to SFR. Freddie Mac's property interest triggered 12 U.S.C. § 4617(j)(3)'s Federal Foreclosure Bar, which and preempted NRS § 116. SFR has not presented evidence that Freddie Mac or the FHFA consented to the HOA foreclosure. Therefore, the HOA foreclosure did not extinguish Freddie Mac's interest in the property, and SFR's interest is subject to Freddie Mac's deed of trust.

Because the Federal Foreclosure Bar preempted NRS § 116, the Court does not reach Capital One's constitutional and equitable relief arguments. Accordingly, the Court grants Capital One's motion for summary judgment and denies SFR's competing motion.

### B. **Southern Highlands Community Association is Not a Necessary Party and is Therefore Dismissed**

Next, the Court turns to the HOA's motion for summary judgment. The HOA has not claimed an interest in this property. It asks the Court to rule as a matter of law that it was improperly joined and dismiss it from this case. It reasons that because Capital One has not asserted a cause of action directly against the HOA, it has not actually been "made a party" as required by FRCP 19(a)(1). Further, it argues that its presence in the suit is not necessary to fashion complete relief to either Capital One or SFR. Capital One argues that the HOA has been properly joined because Rule 19 does not require the bank to assert a cause of action directly against the HOA. SFR does not necessarily disagree. It argues that if the Court elects to dismiss the HOA, it should dismiss the entire action and require Capital One to refile against both the HOA and SFR.

Whether Rule 19 compels a party's presence in an action is a two-part test. Shermoen, v. United States, 982 F.2d 1312, 1317 (9th Cir. 1992). First, the Court must determine whether the

1 party is necessary. Fed. R. Civ. P. 19(a). Then, if the party is necessary but cannot be joined, the
2 Court must determine whether the party is indispensable such that it would be inequitable to
3 continue without that party. Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990).
4 The Court considers the specific factual scenario of each case and avoids a mechanical or rigid
5 application of the of Rule 19. Francis Oil & Gas, Inc. v. Exxon, Corp., 661 F.2d 873, 878 (10th
6 Cir. 1981). If the Court determines that the party is both necessary and indispensable, it must be
7 joined. If the party cannot be joined, the Court must then determine whether the action should
8 proceed without that party.

9 Here, the HOA is neither a necessary or indispensable party because its absence would
10 not keep the Court from providing complete relief to either Capital One or SFR. A party is
11 necessary to an action if it has claimed a "legally protected interest" in the outcome of the case or
12 if its absence would prevent the Court from providing complete relief among the remaining
13 parties. Fed. R. Civ. P. 19(a)(1)(A)–(B); Shermoen, 982 F.2d at 1317. The HOA has not asserted
14 an interest in the disputed property. To the contrary, it has disclaimed any present or future
15 interest in the property except in the event that the Court unwound the original HOA sale and
16 reinstated its lien on the property. The Court has not done so. Therefore, the HOA lacks a
17 "legally protected interest."

18 Nor is the HOA necessary to provide complete relief to Capital One or SFR. "Complete
19 relief" is relief that is both meaningful between the parties and relief that precludes multiple
20 lawsuits arising out of the same cause of action. Alto v. Black, 738 F.3d 1111, 1126 (9th Cir.
21 2013) (citing Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861, 879
22 (9th Cir. 2004)). Here, the Court has provided complete relief between Capital One and SFR
23 without involving the HOA. Because 12 U.S.C. § 4617(j)(3) preempted NRS § 116, the HOA
24 foreclosure did not extinguish Freddie Mac's deed of trust or its interest in the property. The
25 HOA's foreclosure thus remains intact. SFR's purchase at the trustee sale has not been unwound
26 and is still valid. As a result, SFR's interest in the property is subject to Freddie Mac's deed of
27 trust. The HOA's lien has been satisfied, and it holds no present or future interest in the property.
28 Capital One concedes as much in its opposition to the HOA's motion. There, the bank stated

"[t]he HOA is correct that Capital One's argument[] under 12 U.S.C. § 4617(j)(3) . . . [does] not require that the HOA be made a party." (#112 at 3). This is because "the HOA sale will remain in place and SFR will remain the owner of the subject property. SFR's ownership interest will simply be subject to [Freddie Mac's] deed of trust." Id. That is what happened here. The Court has determined that the 12 U.S.C. § 4617(j)(3) preempted NRS § 116's non-judicial foreclosure scheme. It left the HOA foreclosure intact but found that the foreclosure did not extinguish Freddie Mac's deed of trust. Therefore, dismissal is appropriate, and the Court grants the HOA's motion for summary judgment.

Turning last to SFR's alternative motion to dismiss (##109, 111), the Court finds that global dismissal is unwarranted. SFR contends that the Court cannot "effectuate the relief that [Capital One] seeks" without the HOA being made a party to the suit. As discussed above, the HOA is not a necessary party. The Court has fashioned complete relief without reinstating the HOA's superpriority lien or disturbing the underlying foreclosure. Because the HOA's interests are not at risk, its inclusion is not necessary. Given that the Court has fashioned complete relief based on 12 U.S.C. § 4617(j)(3), it denies SFR's alternative motion to dismiss. (#109).

**IV.     Conclusion**

Accordingly, it is **HEREBY ORDERED** that plaintiff Capital One National Association's motion for summary judgment (#104) is **GRANTED**. The Court declares that the HOA foreclosure did not extinguish the Federal Home Loan Mortgage Corporation's first deed of trust. SFR Investment Pool 1, LLC's interest in the property is subject to Freddie Mac's deed of trust. The Court dismisses Capital One's fraudulent transfer claim as moot.

It is **FURTHER ORDERED** that defendant SFR Investments Pool 1, LLC's motion for summary judgment (#105) and alternative motion to dismiss (#109/111) are **DENIED**. The Court dismisses SFR's claim for slander of title as moot;

It is **FURTHER ORDERED** that defendant SFR Investments Pool 1, LLC shall file a motion for default judgment against Eilat Benaron that is consistent with this order within (14) days of the entry of this order. Failure to do so will result in dismissal of SFR's claims against Benaron with prejudice.

It is **FURTHER ORDERED** that defendant Southern Highlands Community Association's motion for summary judgment (#102) is **GRANTED**.

The Clerk of the Court shall enter **JUDGMENT** in favor of Capital One National Association and against SFR Investments Pool 1, LLC.

Dated this 12th day of April, 2019.

_____
Kent J. Dawson
United States District Judge